PER CURIAM.
Appellant seeks reversal of a judgment of conviction and a minimum mandatory sentence of five years’ imprisonment, with a $100,000 fine, for the offense of trafficking in cocaine in an amount exceeding 200 grams.
At trial the court revoked appellant’s bond as is his custom. After the lunch recess appellant’s counsel advised the court he was unaware of the court’s policy in revoking bonds when trial commences and that he needed appellant to be free on bond so as to pick up a necessary witness for the trial. The court refused to allow appellant to remain on bond and later denied appellant’s motion for a continuance so that appellant could obtain the witness’s presence. On appeal it is contended the witness would have furnished evidence that the contraband involved belonged to another and could have had a beneficial effect upon the outcome.
If the case was here in a different posture, such as his incarceration pending trial before a guilty verdict was returned, appellant might be entitled to some relief because the bond was revoked pursuant to Florida Criminal Rule of Procedure 3.131(f) “for good cause shown” — without more. However, the trial has been concluded and appellant convicted so that the revocation of pretrial bail is moot. Nevertheless, we find no authority for the trial court to summarily revoke a person’s pretrial bail upon the commencement of trial based upon a boiler plate statement “for good cause.” Without more the court’s action is not reviewable, yet the rule limits the exercise of the discretion to revoke pretrial bail to cases in which there is good cause.
The real appellate issue here is whether appellant is entitled to a new trial as a result of the trial court’s refusal to allow him to be free on bail so as to procure the attendance of a witness. Our answer is that he is not so entitled. Appellant had adequate opportunity to subpoena the witness and failed to do so.
Accordingly, we affirm the judgment of conviction and sentence appealed from.
DOWNEY, DELL and STONE, JJ., concur.